UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID S. STEWART,

        Petitioner,

v.                              CASE NO. 04-CV-74338-DT
                                 HONORABLE BERNARD A. FRIEDMAN

MILLICENT WARREN,

        Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner David S. Stewart has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for first-degree home invasion. The Court has concluded for reasons given below that Petitioner's claims lack merit.

### I. Background

On August 15, 2000, Petitioner pleaded no contest in Genesee County, Michigan to one count of first-degree home invasion, Mich. Comp. Laws 110a(2). In return, the prosecutor dismissed a charge of attempted second-degree home invasion and a notice charging Petitioner with being a habitual offender.

The trial court postponed the sentencing more than once so that Petitioner could receive treatment for a medical condition and his substance abuse problem. On August 23, 2001, the trial court sentenced Petitioner to imprisonment for seven to twenty years with 266 days of credit.

Petitioner subsequently moved through counsel to withdraw his no-contest plea and for resentencing. Defense counsel argued that: (1) Petitioner's plea must be set aside because he was too intoxicated to recall sufficient facts, the trial court did not advise him of an intoxication defense, he did not waive the defense, and the prosecutor did not refute the defense; (2) reference to Petitioner's juvenile history should be deleted from the presentence report, because the information was not used to calculate the sentencing guidelines; and (3) prior record variable 5 was improperly increased by unconstitutionally infirm prior misdemeanor convictions.

In a *pro se* motion to withdraw his plea, Petitioner argued that: (1) he pleaded no contest on the premise that his minimum sentence would be between thirty-six and sixty months; (2) his plea was induced by the trial court's offer to defer sentencing to enable him to receive medical treatment; (3) the prosecutor led him to believe an eyewitness saw him leave the victim's home; and (4) defense counsel failed to advise him of a possible intoxication defense and also failed to investigate the case. In a *pro se* motion for resentencing, Petitioner argued that the trial court had relied on numerous convictions obtained in violation of his right to counsel.

The trial court granted Petitioner's request to delete his juvenile history from the presentence report, but the court denied Petitioner's motions in all other respects. The court determined that Petitioner's plea was voluntary and understanding and that Petitioner had possessed the requisite intent to commit first-degree home invasion. The court determined that Petitioner was not entitled to resentencing or correction of the guidelines because he had not preserved his claim about the prior record variable at sentencing.

Petitioner subsequently appealed his conviction. He argued through counsel that (1) his plea must be set aside due to intoxication and (2) the trial court erroneously concluded that he

2

had not preserved his challenge to the constitutionally infirm prior misdemeanor convictions. Attached to counsel's appellate brief were the *pro se* post-conviction motions that Petitioner had filed in the trial court. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Stewart*, No. 250628 (Mich. Ct. App. Sept. 29, 2003).

Petitioner then moved for reconsideration and clarification as to whether the court of appeals had considered his *pro se* issues. The Michigan Court of Appeals granted his motion for reconsideration, considered the supplemental issues, and once again denied his application for leave to appeal. *See People v. Stewart*, No. 250628 (Mich. Ct. App. Dec. 5, 2003).

Petitioner alleged in an appeal to the Michigan Supreme Court that (1) the trial court coerced his plea through the offer of medical treatment, (2) defense counsel's failure to advise him of an intoxication defense and failure to investigate the case amounted to ineffective assistance of counsel, and (3) his right to due process was violated by the trial court's reliance on unconstitutional misdemeanor convictions. The state supreme court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Stewart*, No. 125545 (Mich. Sup. Ct. June 30, 2004).

Petitioner signed and dated his habeas corpus petition on October 20, 2004. His grounds for relief read:

I.    Petitioner's Sixth Amendment rights were denied when the trial court coerced Petitioner's plea through an offer of medical treatment in exchange for his waiver of the right to a trial.

II.   Petitioner was denied his right to effective assistance of counsel when defense counsel failed to investigate the prosecution's case; failed to advise Petitioner of his right to medical treatment; and failed to advise Petitioner of the possibility of raising an intoxication defense before advising Petitioner to plead nolo contendere to home invasion.

3

      III.      Due process was violated when the sentencing court relied on uncounseled misdemeanor convictions listed in the presentence report used for scoring the sentence guidelines.

Respondent urges the Court to deny the habeas petition on the ground that the state court's rejection of Petitioner's claims did not result in an objectively unreasonable application of clearly established Supreme Court law.

## II.  Discussion

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

      (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*

4

opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 1670 (2005).

## A.

The first habeas claim alleges that the trial court coerced Petitioner into pleading no contest through an offer of medical treatment. Petitioner alleges that he was physically ill and suffering from manic depression when he agreed to enter a plea. He asserts that the trial court took advantage of his condition by offering him medical treatment in exchange for his plea and his waiver of the right to trial.

A guilty or no-contest plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "That is so because a guilty plea constitutes a waiver of three constitutional rights:   the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *Parke v. Raley*, 506 U.S. 20, 29 (1992) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Courts look to all the relevant circumstances when determining whether a plea was entered voluntarily. *Brady*, 397 U.S. at 749.

The trial court explained to Petitioner at his no-contest plea that the prosecutor and defense counsel had negotiated the plea agreement and that the court was not involved in that

process.  The court then offered to defer Petitioner's sentence to enable him to acquire medical assistance and residential drug treatment.  The court stated that, if Petitioner was successful in his substance abuse program, the court would take that fact into consideration when sentencing him.  (Tr. Aug. 15, 2000, at 7-8.)

Petitioner stated that he understood the sentencing guidelines probably would call for imprisonment.  He also said that he understood the charge against him, as well as, the maximum penalty for the offense.  He claimed to understand that he did not have to enter a plea, that he could go to trial, and that he was waiving certain trial rights by pleading no contest.  He also asserted that no one had made any promises to him other than what was stated on the record and that no one had threatened him or forced him to plead no contest.   He said that the decision to enter a plea was his choice and that he wanted to plead no contest.   (*Id*. at 9-14 and 18.)

Nothing in the record suggests that the trial court coerced Petitioner into pleading no contest by offering him medical treatment.  The trial court merely agreed to delay the sentencing so that Petitioner could receive treatment.

The trial court also did not promise a certain sentence in return for successful completion of a treatment program.  The court said that it would consider Petitioner's progress when deciding on a sentence.  (*Id*. at 8; Sept. 19, 2000, at 11-12.)  Although Petitioner apparently hoped that he would receive probation, defense counsel explained to him during the plea proceeding that there were no guarantees.  (Tr. Aug. 15, 2000, at 6-7.)  Counsel stated at a subsequent proceeding that, from the beginning, neither he nor Petitioner mistakenly believed there was an agreement of a probationary sentence in return for completion of a treatment program.  (Tr. Apr. 24, 2001, at 15.)  Petitioner himself denied that any promises, other than

6

what were stated on the record, had been made to him.  He also said that he had no expectations not covered in court.  (Tr. Aug. 15, 2000, at 13.)  Even Petitioner's post-conviction attorney stated that this was not a situation in which medical treatment was contingent on waiving rights. (Tr. Jan. 21, 2003, at 6-7.)

The record indicates that Petitioner's plea was voluntary and intelligent and not coerced. Therefore, the state court's conclusion that Petitioner's claims lacked merit was not objectively unreasonable, and Petitioner has no right to habeas corpus relief on the basis of his first claim.

### B.  Assistance of Counsel

The second habeas claim alleges that Petitioner was denied his right to effective assistance of trial counsel.  Petitioner states that defense counsel failed to investigate the prosecution's case and failed to advise Petitioner of the possibility of raising an intoxication defense.[1]

"It has long been settled that a guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice."  *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) (quotation marks omitted).  To prevail on his claim, Petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded

---

[1]  Although the heading for Petitioner's second claim also states that defense counsel failed to advise Petitioner of his right to medical treatment, Petitioner has not developed that claim in his discussion.  Consequently, the Court will treat that portion of Petitioner's claim as abandoned.

7

of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong requires demonstrating that defense counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. The petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### 1. Failure to Investigate

Petitioner alleges that defense counsel failed to investigate the factual basis for the prosecution's case. According to Petitioner, an eyewitness's account did not support the conviction for first-degree home invasion, because the witness could not possibly have seen him from where she was standing.

The record indicates that, in addition to the eyewitness's report to the police, there was evidence that Petitioner possessed the victim's checkbook and several pieces of her jewelry when he was arrested shortly after the home invasion. Thus, substantial evidence of Petitioner's guilt existed without the eyewitness's testimony, and defense counsel was not ineffective for allegedly failing to challenge the factual basis for the plea.

### 2. Failure to Advise

Petitioner also alleges that defense counsel failed to advise him of the possibility of raising an intoxication defense. First-degree home invasion is a specific intent crime, *see People v. Carpenter,* 464 Mich. 223, 225; 627 N.W.2d 276, 277 (2001), and voluntary intoxication is a defense to specific intent crimes. *People v. King,* 210 Mich. App. 425, 428; 534 N.W.2d 534, 536 (1995). Although Petitioner apparently was intoxicated or "high" when he committed the home invasion (Tr. Aug. 15, 2000, at 14-17), there was evidence that he cut the victim's screen

door before entering her home and that he provided a false name when the police arrested him. (Tr. Jan. 21, 2003, at 9.)  In fact, in his statement to the police on the following day, he recalled providing the wrong name while he was seated in the squad car.  *See id*.; *see also* Petitioner's statement to police dated July 8, 2000.  These facts suggest that Petitioner was not so intoxicated as to be incapable of forming the requisite intent for first-degree home invasion.  Therefore, intoxication was not a substantial defense, and Petitioner probably would not have been acquitted if he had raised the defense at a trial.

The Court also is mindful that Petitioner expressed satisfaction with his attorney at the plea and at a proceeding held about a month later.  (Tr. Aug. 15, 2000, at 19; Sept. 19, 2000, at 13.)  And he faced a life sentence as a fourth habitual offender if he had gone to trial and had been convicted of first-degree home invasion.  (Tr. July 31, 2000, at 3-4 and 9.)[2]

The Court concludes that defense counsel's alleged failure to advise Petitioner of an intoxication defense did not amount to ineffective assistance.  Therefore, the state court's conclusion that Petitioner's claims lacked merit was not contrary to, or an unreasonable application of, *Strickland*.

### C. Uncounseled Convictions

The third and final habeas claim alleges that Petitioner's right to due process was violated when the sentencing court relied on five uncounseled misdemeanor convictions to score the sentencing guidelines.  Petitioner claims that four of the five misdemeanor convictions should not have been scored under prior record variable 5, because he was not represented by counsel in those cases and he did not waive counsel.  According to Petitioner, if the prior record variable

---

[2] Petitioner was almost forty years of age when he pleaded no contest.

score had been correctly scored with just one prior misdemeanor conviction, the sentencing guidelines range would have been lower.

The Supreme Court held in *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972), that, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Even "a suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged." *Alabama v. Shelton*, 535 U.S. 654, 658 (2002) (quoting *Argersinger*, 407 U.S. at 40).

An uncounseled misdemeanor conviction is valid if the offender was not sentenced to a term of imprisonment, *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979), and if a conviction is valid under *Scott* because no prison term was imposed, it also is valid when used to enhance punishment at a subsequent conviction. *Nichols v. United States*, 511 U.S. 738, 749 (1994). Petitioner carries "the burden of showing that his prior convictions were invalid for purposes of calculating his criminal history category." *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir. 1992). It is not fundamentally unfair to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction. *Raley*, 506 U.S. at 33-34.

Constitutional rights may be waived. *Cordova v. Baca*, 346 F.3d 924, 926 (9th Cir. 2003). Courts must "'indulge every reasonable presumption against waiver' of fundamental constitutional rights," *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), and may not presume a waiver of federal rights from a silent record, *Boykin*, 395 U.S. at 243. However, a presumption of regularity "attaches to final judgments, even when the question is waiver of constitutional

10

rights." *Raley*, 506 U.S. at 29.

## 1.  Petitioner's Criminal History

The criminal history section of Petitioner's pre-sentence report includes numerous juvenile adjudications and adult convictions.  Petitioner estimates that, at least five of his sixteen prior misdemeanor convictions were used to score his sentencing guidelines.  He claims that he was not represented by counsel in four of those five cases.

Petitioner has not identified the four convictions that he believes are unconstitutional.  Nor has he submitted any transcripts or docket sheets to support his claim.  The information contained in his pre-sentence report was obtained from prior pre-sentence reports.  The information cannot be verified independently because the files have been destroyed or expunged.  (Tr. Sept. 19, 2000, at 5.)  Where records of a conviction, which would indicate whether the defendant was represented by counsel or waived counsel, have been destroyed, the defendant must submit some evidence; at a minimum, the defendant must submit an affidavit stating that he was denied the right to counsel and did not waive counsel.  *See United States v. Warwick*, No. 04-6265, 149 Fed. Appx. 464, 469, 2005 WL 2293478, at **4 (6th Cir. Sept. 20, 2005) (unpublished opinion) (citing *United States v. Bush*, 405 F.3d 909, 922 (10th Cir. 2005)).

## 2.  Petitioner's Affidavit

Petitioner alleges in an affidavit attached to his habeas petition that he advised his attorney that most of his prior convictions were obtained without the benefit of counsel.  The affidavit does not specify the allegedly infirm convictions, and it does not say whether Petitioner did or did not waive counsel.  Although the pre-sentence report indicates that Petitioner waived counsel one time, this is not conclusive as to whether he waived counsel in the other cases.

11

Furthermore, there is no indication in the record that Petitioner appealed the allegedly infirm convictions, and when he raised the issue of uncounseled convictions or juvenile adjudications in the trial court, his attorneys consistently stated that they did not think the scoring of the sentencing guidelines was affected by the uncounseled juvenile adjudications or adult convictions. (Tr. Sept. 19, 2000, at 5; Tr. Apr. 24, 2001, at 5-6; Tr. Aug. 23, 2001, at 8; Tr. Jan. 21, 2003, at 10-12.) Even his post-conviction attorney stated that neither the prior record level nor the guidelines sentencing range was affected by the counselless convictions. *See* Brief in Support of Motion to Withdraw Plea and/or for Resentencing, at 9.

The Court concludes that Petitioner has not met his burden of proving a constitutional violation. He has not shown that his sentence was enhanced by prior convictions where he was deprived of counsel *and* did not waive counsel. Therefore, the state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.

### III. Conclusion

Petitioner's claims do not merit habeas corpus relief. Accordingly, the habeas petition [Doc. #3, Nov. 22, 2004] is DENIED.

The Court declines to grant a certificate of appealability, because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, Petitioner decides to appeal the

12

Court's decision, he may proceed *in forma pauperis* on appeal without further authorization

because he was granted *in forma pauperis* status in this Court..  Fed. R. App. P. 24(a)(3).

 s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: Janauary 26, 2006